IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                        **Case No. 11-40080-01-RDR**

KENNETH C. SMITH,

        Defendant.

**O R D E R**

The court has received a communication from defendant which the court shall treat as a motion to continue the trial of the above-captioned matter. The trial is currently scheduled for October 17, 2011. Defendant is representing himself.

Defendant states that he needs additional time to obtain certain information and that he believes that a diversion agreement can be worked out with the prosecution. Defendant further represents that his request for a continuance is not opposed.

Upon review, the court shall grant defendant's motion for a continuance. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to

grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case, although this case is somewhat unusual (for this court) because of the charges which are being prosecuted and because defendant is representing himself.  After full consideration, the court finds that the denial of the requested continuance may deny defendant the time necessary to adequately consider whether to proceed to trial and how to prepare for trial, taking into account the exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter.  The court has no grounds to believe that defendant is a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in

the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion (Doc. No. 17) shall be granted and the trial of this case shall be continued to November 8, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 26th day of September, 2011 at Topeka, Kansas.

                         s/Richard D. Rogers
                         United States District Judge